United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO SNOWBALL-PADRON, | § | |
|     Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:16-15 |
| | § | Criminal No. 1:14-656-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 19, 2016, Petitioner Jose Alfredo Snowball-Padron ("Snowball-Padron") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is factually and legally meritless.

**I. Procedural and Factual Background**

On August 26, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Snowball-Padron for illegally re-entering the United States, in violation of 8 U.S.C. § 1326. U.S. v. Snowball-Padron, Criminal No. 1:14-656-1, Dkt. No. 5 (J. Hanen, presiding) (hereinafter "CR").

    **A.  Rearraignment**

On October 9, 2014, Snowball-Padron entered a guilty plea – without a written plea agreement – before the Magistrate Judge to illegally re-entering the United States. CR Dkt. No. 13.

On that same day, the Magistrate Judge issued a Report and Recommendation that the District Judge accept Snowball-Padron's guilty plea. CR Dkt. No. 13.

**B. Pre Sentence Report**

In the final presentence report, Snowball-Padron was assessed a base offense level of eight, and was given a 16-level enhancement for a prior Texas state court conviction for burglary of a habitation. CR Dkt. No. 17, pp. 4-5.

Snowball-Padron received a three-level reduction for acceptance of responsibility. CR Dkt. No. 17, p. 5. Thus, Snowball-Padron was assessed a total offense level of 21. Id.

Regarding his criminal history, Snowball-Padron had seven criminal convictions and was assessed 11 criminal history points. CR Dkt. No. 17, pp. 6-9. Accordingly, he was given a criminal history category of V. Id.

The presentence report, based upon Snowball-Padron's offense level of 21 and criminal history category V, identified a guideline range of 70 to 87 months of imprisonment. Id., p. 13.

On January 12, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Snowball-Padron's guilty plea. CR Dkt. No. 22.

On that same day, the District Court held a sentencing hearing. CR Dkt. No. 30. At that hearing, Snowball-Padron, via appointed counsel, sought a downward sentencing departure based on his extensive ties to the United States. CR Dkt. No. 30, pp. 4-5. The Court denied that request. Id, p. 5.

At sentencing, the Government submitted the state court records for his prior conviction for burglary of a habitation as a sentencing exhibit to support the 16-level enhancement. CR Dkt. No. 23. The indictment shows that Snowball-Padron was indicted for "with intent to commit theft, intentionally or knowingly enter[ing] a habitation without the effective consent" of the owner. Id, p. 9. The exhibit was admitted without objection. CR Dkt. No. 30, p. 3.

The District Court sentenced Snowball-Padron to 72 months of incarceration, three years of supervised release, and a $100.00 special assessment – which was remitted. CR Dkt. No. 30, pp. 5-6. The judgment was issued on January 23, 2015. CR Dkt. No. 28.

### C. Direct Appeal

On January 13, 2015, Snowball-Padron filed a notice of appeal. CR Dkt. No. 24. On appeal, he argued that his 16-level sentencing enhancement for his burglary of a habitation conviction was invalid because the Texas definition of burglary was "broader than the generic contemporary definition of 'burglary of a dwelling' under U.S.S.G. § 2L1.2(B)(1)(A)(ii). CR Dkt. No. 37. On August 18, 2015, the Fifth Circuit affirmed the conviction. Id.

Neither the Fifth Circuit nor the Supreme Court docket show that Snowball-Padron filed a petition for a writ of certiorari with the Supreme Court. The petition for a writ of certiorari was required to be filed within 90 days of the entry of the appellate judgment. Sup. Ct. Rule 13.1. Accordingly, the time for Snowball-Padron to file such a petition expired on November 13, 2015. Snowball-Padron's conviction became final on that day. Clay v. U.S., 537 U.S. 522 (2003).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 19, 2016, Snowball-Padron timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In that motion, Snowball-Padron asserted two bases for relief, which the Court restates as a single argument entitling him to relief. Snowball-Padron claims that his trial and appellate counsel was ineffective for failing to object to the 16-level sentencing enhancement for previously committing a crime of violence. Dkt. No. 1, p. 4. While his argument is similar to the one he raised on direct appeal, it is not identical. Snowball-Padron asserts that a burglary of a habitation conviction under Tex. Pen. Code § 30.02(a)(3) does not qualify as a crime of violence and his lawyers should have made that argument. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Snowball-Padron seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Court reserves relief under section 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (quoting U.S. v. Segler, 37 F. 3d 1131, 1133 (5th Cir. 1994)).

An exception to the rule – requiring matters be raised first on direct appeal – are claims of ineffective assistance of counsel. Such claims are properly made, for the first time, pursuant to § 2255, because they are issues of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001)

4

("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Snowball-Padron's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Snowball-Padron's claims.

Snowball-Padron asserts that his attorney was ineffective for failing to object to the 16-level sentencing enhancement because his burglary conviction was not a crime of violence. Dkt. No. 1. This claim is contrary to existing case law.

The Sentencing Guidelines provide that a defendant – who is convicted of illegal re-entry – is subject to a 16-level sentencing enhancement if he has a previous conviction for a crime of violence. U.S.S.G. § 2L1.2. The Sentencing Guidelines specifically lists "burglary of a dwelling" as a crime of violence. U.S.S.G. § 2L1.2, comment n.1(B)(iii).

In determining whether Snowball-Padron's conviction qualifies as a crime of violence, the Court first looks to the elements of the crime for which he was convicted to determine if those elements "are the same as or narrower than those of the generic offense of burglary of a dwelling." U.S. v. Conde-Castaneda, 753 F.3d 172, 175 (5th Cir.), cert. denied, 135 S. Ct. 311, 190 L. Ed. 2d 225 (2014).

The relevant portions of the Texas burglary of a habitation statute read as follows:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code § 30.02(a).

The Fifth Circuit has concluded that a conviction under section 30.02(a)(1) meets the generic elements of burglary of a dwelling. U.S. v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005). The Fifth Circuit has also held that a conviction under section (a)(3) does not meet those elements, because it lacks an element of intent. U.S. v. Constante, 544 F.3d 584, 587 (5th Cir. 2008).[1] The primary distinguishing factor in the analysis was whether the defendant entered the habitation with the intent to commit a crime. If the person enters the building with the intent to commit one of the listed offenses, then the act constitutes a crime of violence. On the other hand, if the entry was committed, and only after the entry was effected, was the intent to commit one of the listed offenses formed, then the offense was not a crime of violence.

In order to determine if Snowball-Padron was convicted under section (a)(1) or section (a)(3), the Court may "look at so-called Shepard[2] documents, which include the charging document, written judicial confession, and judgment." Conde-Castaneda, 753 F.3d at 176.

In this case, the indictment clearly establishes that Snowball-Padron was indicted for "with intent to commit theft, intentionally or knowingly enter[ing] a habitation without the

---

[1] It does not appear that the Fifth Circuit has ever decided whether a conviction under Section (a)(2) qualifies as a crime of violence. That section, however, is not applicable to this case.

[2] Shepard v. U.S., 544 U.S. 13 (2005).

6

effective consent" of the owner. CR Dkt. No. 23, p. 9. Snowball-Padron pled guilty to this charge as a second-degree felony. Id, p. 1.

The Fifth Circuit recently decided a case with identical circumstances: an illegal re-entry defendant who was convicted of the second-degree felony of burglary of a habitation with the same language in the state court indictment. In that case, the Fifth Circuit held: (1) the defendant was convicted under section (a)(1); and (2) the crime of violence enhancement was applicable under U.S.S.G. 2L1.2(b)(1)(A)(ii). U.S. v. Hernandez-Borjas, No. 15-40190, 2016 WL 833395, at *5 (5th Cir. Mar. 3, 2016) (unpubl.). Accordingly, given the identical circumstances, the Court concludes that the enhancement was properly applied in this case.

Given that the enhancement was proper as a matter of law, trial and appellate counsel were not deficient for failing to object to the enhancement. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Indeed, Snowball-Padron's counsel was engaging in effective advocacy by not raising a meritless argument. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). This claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Jose Alfredo Snowball-Padron's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED.**

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2001). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude

that the issues presented are adequate to deserve encouragement to proceed further.  Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner made a substantial showing of a denial of a constitutional right on the issues before the court.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Snowball-Padron's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Snowball-Padron's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 24, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge